UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| KENTRAIL LOLLIS, | ) | |
|---|---|---|
| *Plaintiff*, | ) | |
| v. | ) | No. 1:11-cv-244 |
| | ) | *Judge Curtis L. Collier* |
| JUVENILE COURT JUDGE HARRIS, | ) | |
| CPS NATAE DAVIS, | ) | |
| *Defendants*. | ) | |

## **MEMORANDUM**

Plaintiff Kentrail Lollis ("Plaintiff") filed a *pro se* civil rights action under 42 U.S.C. § 1983 complaining about a juvenile court proceeding, which presumably occurred in Hamilton County Juvenile Court (Court File No. 1). Plaintiff seeks judicial relief in the child removal controversy in which his children were removed from his and his wife's custody.

Plaintiff's complaint is more of an angry utterance about the statements Judge Harris made to him during the child removal dispute than a factually supported claim alleging a constitutional deprivation. Construing the complaint liberally in a manner most favorable to Plaintiff, it alleges Judge Harris deprived him of his right to fair treatment and due process in finding that he was a threat to his children and removing them from his custody. Plaintiff alleges Judge Harris "never allowed us to have councel [sic] or said anything about it. I asked her about it and she said that we didn't need it at that time. Every court date since I have been incarcerated she tells my wife that we will never get our kids back unless she divorce [sic] me. She says that my wife is choosing a not good man over her babies." (Court File No. 1).[1] Plaintiff seeks to have Judge Harris removed from

---

[1] This is quoted Plaintiff's complaint and the extent of the specific claims against Judge Harris (Court File No. 1, p. 4).

his child removal case, his children returned to his custody, and damages for pain and suffering.

Considering the facts alleged in the complaint, the principle of federalism that requires this court to abstain from dictating to state court judges, and the applicable law, the Court is constrained to **DISMISS** this lawsuit.

I.      APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Although it appears from the application to proceed *in forma pauperis* submitted by Plaintiff that he lacks sufficient financial resources at the present time to pay the required filing fee of $350.00, he is not relieved of the ultimate responsibility of paying the $350.00 filing fee (Court File No. 5). Thus, Plaintiff's motion to proceed *in forma pauperis* will be **GRANTED IN PART** and **DENIED IN PART** (Court File No. 5). It will be **GRANTED** to the extent Plaintiff will be permitted to file his complaint without prepayment of the full filing fee but **DENIED** to the extent that he will not be relieved of the ultimate responsibility of paying the $350.00 filing fee, as he will be assessed the fee and required to make the payment in installments. Since Plaintiff is a prisoner in custody at CCA-Silverdale Correctional Facility, he is **ASSESSED** the civil filing fee of $350.00 under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915. Plaintiff shall pay the full filing fee of three-hundred and fifty dollars ($350.00) pursuant to the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Plaintiff's inmate trust account at the institution where he now resides **SHALL** submit to the Clerk, United States District Court, 900 Georgia Avenue, Chattanooga, TN 37402, as an initial partial payment, whichever is the greater of

(a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or

(b) twenty percent (20%) of the average monthly balance in Plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian **SHALL** submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court will be **DIRECTED** to send a copy of this memorandum and order to the Warden and the Custodian of Inmate Accounts at CCA-Silverdale Correctional Facility, the Commissioner of the Tennessee Department of Correction, the Attorney General for the State of Tennessee, and the Court's Financial Deputy, to ensure the custodian of Plaintiff's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of Plaintiff **SHALL** collect the filing fee as funds become available. This order **SHALL** become a part of Plaintiff's file and follow the inmate if he is transferred to another institution. The agency having custody of Plaintiff **SHALL** continue to collect monthly payments from his prisoner account until the entire filing fee of $350.00 is paid.

Plaintiff is **ORDERED** to provide the prison officials at any new institution with a copy of this order. Failure of Plaintiff to notify the new prison officials of this order and outstanding debt will result in the imposition of appropriate sanctions against him without any additional notice or hearing by the Court.

II.    SCREENING

The Court screens the complaint to determine whether it should be dismissed as frivolous, malicious, or for failure to state a claim. 28 U.S.C. § 1915(e)(2) and § 1915A. When performing this task, the Court bears in mind that the pleadings of *pro se* litigants must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which simply means the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## III.  FACTS

Construing Plaintiff's complaint in the light most favorable to him and taking into consideration his lack of legal training, the Court has determined he alleges the following facts.

Plaintiff and his wife are involved in a child removal case before Judge Harris that is based on his wife's mother and "baby Dad" making false allegations against him and his wife (Court File No. 1). Judge Harris removed his children from his custody, stating he was a threat to the children. Judge Harris did not appoint counsel and when Plaintiff inquired, she stated he did not need counsel at that time.

CPS Worker Natae Davis lied to him and his wife and had a conversation with his ex-pastor without his or his wife's permission. Judge Davis and CPS Worker Davis "have been tossing" the children "from place to place." Plaintiff has "basically been stripped of [his] rights to have any contact with [his] babies . . ." (Court File No. 1).

4

**IV.    42 U.S.C. § 1983 CLAIM**

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States by a person acting under color of law, without due process of law. *Flagg Brothers Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Chatman v. Slagle*, 107 F.3d 380, 384 (6th Cir. 1997); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Rhodes v. McDannel*, 945 F.2d 117, 119 (6th Cir. 1991), *cert. denied*, 502 U.S. 1032 (1992). Although the Federal Rules of Civil Procedure do not require a plaintiff to set out in detail the facts underlying the claim, the plaintiff must provide sufficient allegations to give defendants fair notice of the claims against them. *Leatherman v. Tarrant County Narcotic Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993). To state a § 1983 claim, Plaintiff must allege sufficient facts that, if true, would establish the defendant deprived him of a right secured by the Constitution of the United States while he acted under color of law. *See Brock*, 94 F.3d at 244. As the Court understands the complaint, Plaintiff claims he was denied a fair and impartial hearing at all times during his child custody proceedings.

**V.    ANALYSIS**

Plaintiff has named Judge Harris and CPS Worker Natae Davis as defendants. Plaintiff does not identify the city or county in which these proceedings were conducted. For the sake of this discussion, the Court presumes both defendants work at the Hamilton County Juvenile Court in Chattanooga, Tennessee.

For the reasons explained below, the Court concludes these allegations against Judge Harris and CPS Worker Davis, even if true, fail to state a claim as a matter of law and must be dismissed pursuant to 28 U.S.C. § 1915(e).

**A.     Judge Harris**

Plaintiff appeared before Juvenile Court Judge Harris in a child removal case. Although Plaintiff has not clearly alleged a constitutional violation, the Court discerns that he is claiming he was denied due process by Judge Harris in the child removal proceedings.

Judges generally have absolute judicial immunity from civil suits, including suits filed under 42 U.S.C. § 1983, for monetary damages, arising out of the performance of their judicial duties. *Ireland v. Tunis*, 113 F.3d 1435, 1440 (6th Cir. 1997) (citing *Mireles v. Waco*, 502 U.S. 9, 11 (1991); and *Barnes v. Winchell* 105 F.3d 1111, 1115 (6th Cir. 1997)). If a judge pursued the challenged conduct in the course of his judicial duties, then he will clearly be entitled to judicial immunity. *See Palazzolo v. Benson*, 82 F.3d 418, (Table, text at 1996 WL 156699 *4 (6th Cir. April 3, 1996)). A judge will not be deprived of immunity because the action he took may have been in error, was done maliciously, or was in excess of the judge's authority. *Mireles v. Waco*, 502 U.S. at 11; *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Rather, a judge will be subject to financial liability involving the performance of a judicial act only when the judge has acted in the clear absence of all jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *cf. Forrester v. White*, 484 U.S. 219 (1988) (judges not absolute immune for administrative, legislative, or executive functions); *Pulliam v. Allen*, 466 U.S. 522 (1984) (judge enjoined from imposing bail on person arrested for nonjailable offenses and incarcerating them if they could not pay bail and attorney fees awarded to against judge). A judge acts in the clear absence of all jurisdiction only if the matter upon which he acts is

6

clearly outside the subject matter jurisdiction of the court over which the judge presides. *King v. Love*, 766 F.2d 962, 965 (6th Cir.), *cert. denied*, 474 U.S. 971 (1985); *see also White By Swafford v. Gerbitz*, 892 F.2d 457, 462 (6th Cir. 1989) (even though Judges Bean and Cox may have violated state law when they detained a material witness, "the violation, without more, was not a constitutional violation for purposes of § 1983").

Presiding over hearings, awarding custody, and removing children from dangerous situations are within the scope of Judge Harris' jurisdiction. There is no allegation, nor does the Court find anything in the record to show that Judge Harris acted in the clear absence of jurisdiction. Therefore, Judge Harris is absolutely immune from this civil suit for monetary damages. Since Judge Harris made a determination of custody, any alleged claim arising from the exercise of that judicial function is barred by absolute immunity. Therefore, this claim will be **DISMISSED** because it is barred by absolute judicial immunity.

Plaintiff seemingly alleges a violation of his due process rights and requests injunctive relief in his child custody proceedings from this Court. This Court does not have jurisdiction to review decisions of the state courts. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524, 527 (6th Cir.) *cert. denied*, 474 U.S. 824 (1985) (federal district judge does not have power in a § 1983 case to compel state court to conform their conduct to state law). Plaintiff requests a new hearing before a different judge. The principles of federalism require this Court under these circumstances to abstain from granting such relief because it unduly interferes with the independence of the state court. *See Pulliam v. Allen*, 466 U.S. at 539; *Belill v. Hummel*, 835 F.2d 877 (6th Cir. Dec. 1, 1987), *available at* 1987 WL 24114, at *4. Federal judges should not sit in constant supervision of the actions of state judicial officers. Federalism is the national policy forbidding federal courts from staying or

7

enjoining pending state court proceedings, except under special circumstances. *Mitchum v. Foster*, 407 U.S. 225, 229 (1972). Absent extraordinary circumstances, the principles of federalism require federal courts to abstain from granting declaratory or injunctive relief because doing so would involve unduly intrusive interference with, and monitoring of, the day-to-day conduct of state hearings and trials. *Sevier v. Turner*, 742 F.2d 262, 270 (6th Cir. 1984) (Plaintiff did not show presence of extraordinary circumstances, thus federal court abstained from deciding claims of declaratory and injunctive relief). This Court does not find any extraordinary circumstances to justify granting declaratory or injunctive relief.

Furthermore, Plaintiff is really seeking appellate review of a state decision and is attempting to invoke federal jurisdiction in a child removal case. Federal courts do not have jurisdiction to review decisions of the state courts. *Sutton v. State of Ohio*, 787 F.2d 593 (6th Cir. March 6, 1986), *available at* 1986 WL 16697 *1 ("The district court correctly held that the federal courts have no jurisdiction to review decisions of the state courts.") (citing *Johns v. Supreme Court of Ohio*, 753 F.2d 524 (6th Cir.)), *cert. denied*, 474 U.S. 824 (1985)). Plaintiff's remedies are in state court. Tennessee law provides a method to challenge the juvenile court's decision by filing a notice of appeal with the clerk of juvenile court who will then send the entire record in the case to the circuit or criminal court. Rule 36(e) Tennessee Rules of Juvenile Court; Tenn. Code Ann. § 37-1-159.

**B.     CPS Worker Natae Davis**

Plaintiff names CPS Worker Davis as a defendant in this case. However, Plaintiff has failed to identify in what capacity he has sued the Juvenile Court employee. Aside from the fact that

8

Plaintiff has not stated a factually supported constitutional claim against this defendant,[2] the complaint does not indicate whether CPS Worker Davis is being sued in her official capacity, individual capacity, or both.

A suit brought against a public, government official will not be construed as seeking damages against the defendant in her individual capacity unless such a claim for individual liability is clearly and definitely set forth in the pleading. *Pelfrey v. Chambers*, 43 F.3d 1034, 1038 (6th Cir.), *cert. denied*, 515 U.S. 1116 (1995); *Thiokol Corp. v. Department of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 383 (6th Cir. 1993); *Lovelace v. O'Hara*, 985 F.2d 847, 850 (6th Cir. 1993); *Hardin v. Straub*, 954 F.2d 1193, 1199-1200 (6th Cir. 1992); *Wells v. Brown*, 891 F.2d 591 (6th Cir. 1989); *Johnson v. Turner*, 855 F. Supp. 228, 231 (W.D. Tenn. 1994), *aff'd*, 125 F.3d 324 (6th Cir. 1997). Generally, absent any express indication the defendant is being sued in her individual capacity, the Court must assume she is being sued only in her official capacity as an employee of the

governmental entity. *Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir.), *cert. denied*, 502 U.S. 883 (1991); *Wells*, 891 F.2d at 593-94.

Although it is preferable that plaintiffs explicitly state whether a defendant is sued in her individual capacity, the failure to do so is not fatal if the complaint or other filed documents provide sufficient notice to the defendant that she is being sued as an individual. In *Moore v. City of Harriman*, 272 F.3d 769 (6th Cir. 2001), the caption on the complaint listed the officers' names, not their official titles; the complaint referred to the officers throughout as the "individual defendants;"

---

[2] Plaintiff alleges this defendant "told so many lies" to him and his wife, had a private conversation with their ex-pastor without their permission, and has been involved with his children being moved from place to place.

the complaint identified the officers as "acting for themselves and for the City . . .;" and compensatory and punitive damages were sought against each of the defendants. The Sixth Circuit stated that taken as a whole, the complaint likely provided sufficient notice to the officers that they were being sued as individuals. *Id*. at 774. However, the Sixth Circuit ruled that "Moore's response to the officers' motion to dismiss clarified any remaining ambiguity: 'The individuals named are police officers who are being sued in their individual capacities for using excessive and unreasonable force while making an arrest of the Plaintiff on April 7, 1996.'" *Id.* at 773, 774.

In this case, Plaintiff has failed to indicate the capacity in which he is suing CPS Worker Davis. Specifically, he does not indicate she is being sued in her individual capacity. A review of the complaint before this Court demonstrates it is not analogous to the complaint in *Moore*. Although Plaintiff identifies CPS Worker by her name in the style of the complaint, in the body of the complaint he identifies her in her official capacity. Therefore, absent any clear indication in the complaint that CPS Worker Davis is being sued in her individual capacity, the Court must assume she is being sued in her official capacity. *Id*. at 772.

A claim against CPS Worker in her official capacity is treated as an action against the governmental entity. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Barber v. City of Salem, Ohio*, 953 F.2d 232, 237 (6th Cir. 1992). Because CPS Worker Davis has been sued only in her official capacity as an employee of the Hamilton County Juvenile Court, the Court must proceed as if Plaintiff has in fact sued Hamilton County.[3] Therefore, in order to prevail, Plaintiff must

---

[3] If CPS Worker Davis is a state employee, the case would be dismissed because the State of Tennessee is not a person under § 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43 (1997) (holding § 1983 actions do not lie against a state, and therefore Eleventh Amendment immunity does not prevent the § 1983 case against a state, rather § 1983 creates no remedy against a state).

10

demonstrate the alleged violation of his constitutional rights resulted from acts representing official policy or custom adopted by Hamilton County. *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 690-91 (1978); *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1245-46 (6th Cir. 1989).

To prevail in this action against CPS Worker Davis in her official capacity, Plaintiff must show, first, that he has suffered harm because of a constitutional violation and second, that a policy or custom of the entity--in this case, Hamilton County--caused the harm. *See Collins v. Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). Plaintiff must identify the policy, connect the policy to the county itself, and show that the particular injury was incurred because of the execution of that policy; all of which Plaintiff has failed to do. *See Garner v. Memphis Police Dept.* 8 F.3d 358, 363-64 (6th Cir. 1993).

Plaintiff's failure to allege that the violation of his rights resulted from any policy or custom on the part of the county is fatal to his claim. Plaintiff's failure to demonstrate that the alleged violations of his constitutional rights resulted from acts representing official policy or custom adopted by the county has resulted in his failure to state a constitutional violation. Therefore, CPS Worker Davis is entitled to be dismissed from this lawsuit for Plaintiff's failure to state a claim upon which relief may be granted. Title 28 U.S.C. §§ 1915(e) and 1915A.

For the sake of argument, assuming this defendant is sued in her individual capacity, CPS Worker Davis is entitled to be dismissed from this lawsuit for Plaintiff's failure to state a claim upon which relief may be granted because he has failed to alleged this defendant engaged in any unconstitutional conduct. "To state a cognizable substantive due process claim, the plaintiff must allege 'conduct intended to injure in some way unjustifiable by any government interest' and that

11

is 'conscience-shocking' in nature." *Eidson v. State of Tennessee Dept. Of Children's Services,* 510 F.3d 631, 635-36 (6th Cir. 2007) (quoting *Mitchell v. McNeil,* 487 F.3d 374, 377 (6th Cir. 2007) (quoting *County of Sacramentao v. Lewis,* 523 U.S. 833, 849 (1998)). "The government's interest in protecting children is just as compelling as the parents' abstract fundamental liberty interest in family integrity." *Id.* at 636. Here, Plaintiff does not alleged CPS Worker Davis removed the children from his home or engaged in any unconstitutional conduct in relation to the removal of his children from his custody. Rather, Plaintiff complains that she "told so many lies to us and we found out that she had been having private conversation with our ex pastor with out [sic] our permission concerning our case." In addition, Plaintiff alleges CPS Worker Davis had "been tossing our kids from place to place."

In sum, Plaintiff has not presented even one factually supported allegation that CPS Worker Davis' participation in the removal of his children from his home or that she participated in any unconstitutional conduct in relation to the removal. Consequently, Plaintiff has not stated a plausible § 1983 claim against CPS Worker Davis. Accordingly, CPS Worker Davis will be **DISMISSED** from this lawsuit for Plaintiff's failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) and 1915A

## VI. CONCLUSION

In light of the above law and analysis, the Court finds Plaintiff has failed to state a claim against Defendants. Accordingly, Plaintiff's motion to proceed *in forma pauperis* will be **GRANTED IN PART** and **DENIED IN PART** (Court File No. 5), and Plaintiff's complaint will be **DISMISSED** *sua sponte* in its entirety for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) and 1915A (Court File No. 1). Had Plaintiff stated arguable § 1983

12

claims, the Court would have allowed him to amend, but since there is nothing in the complaint indicating the deficiencies could be remedied by amendment, it would be futile to permit Plaintiff to do so.  *LaFountain v. Harry,* 716 F.3d 944 (6th Cir. 2013).

This case will be dismissed by separate order.

**/s/**
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

13